UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIVLEY,

    Petitioner,

v.

Case No. 1:06-cv-711
Hon. Janet T. Neff

KENNETH ROMANOWSKI,

    Respondent.
                                /

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**     **Background**

On October 30, 2002, petitioner pled guilty to assault with intent to rob while armed, M.C.L. § 750.89 and armed robbery, M.C.L. § 750.529. Plea Trans. 3-13 (docket no. 9-3). The court accepted the guilty plea and deferred sentencing until a pre-sentence investigation report (PSIR) was prepared by the probation office. Order (docket no. 9-4). The PSIR noted: that petitioner was on parole for assault with a dangerous weapon when he committed the crimes; that parole violation proceedings against petitioner were pending in Kalamazoo County; that with these convictions, petitioner had five felony convictions as an adult; and that his criminal activities were escalating in violence. PSIR (docket no. 9-6). On February 4, 2003, petitioner was sentenced to concurrent sentences of 12 1/2 to 50 years on the assault conviction and 14 to 50 years on the armed robbery conviction. Sent. Trans. at 8-9 docket no. 9-5). However, because petitioner was on parole

when he committed these crimes, the two sentences were to run consecutively with the earlier sentence for assault with a dangerous weapon. *Id.*

On March 4, 2003, the trial court denied petitioner's request for appointment of counsel at public expense to pursue an appeal of his guilty plea. Order (docket no. 11). On October 10, 2003, petition filed a pro per motion to withdraw his guilty plea and for resentencing. Motion to withdraw plea (docket no. 11). Petitioner raised four issues in his motion:

> I.    Where [petitioner] received minimum sentences of 14 years and 12 1/2 years after trial counsel informed [petitioner] that the minimum sentence would be 6-8 years if he entered a guilty plea, the plea was involuntary and deprived [petitioner] of his state and federal constitutional rights to due process.
>
> II.    Where trial counsel misrepresented the possible sentence, [petitioner] was denied his state and federal constitutional rights to effective assistance of counsel.
>
> III.    [Petitioner's] 12 1/2 to 15 year sentence for assault with intent to rob while armed, M.C.L. § 750.89 violates the two-thirds rule of *People v. Tanner* and therefore he should be resentenced or his minimum sentence must be reduced to no more than 10 years.
>
> IV.    The denial of appointed appellate counsel after [petitioner's] guilty plea violates his Fourteenth Amendment rights to due process and equal protection.

*Id.*

On August 30, 2005, the court denied the motions to withdraw the guilty plea on the ground that trial counsel's erroneous prediction of a sentencing range did not qualify as a proper basis for a withdrawal of a guilty plea. Order (docket no. 9-9). The court noted that the sentence imposed for the assault with intent to rob conviction was erroneously transcribed and entered as 12 1/2 to 15 years; the actual sentence being 12 1/2 to <u>50</u> years. *Id.*[1] Finally, the court granted petitioner's motion for appointment of appellate counsel. *Id.*

---

[1] An amended judgment of sentence was entered on September 1, 2005. *See* docket no. 11.

Petitioner filed a pro per delayed application for leave to appeal to the Michigan Court of Appeals, raising two issues:

> I. Where [petitioner] received minimum sentences of 14 years and 12 1/2 years after trial counsel informed [petitioner] that the minimum sentence would be 6-8 years if he entered a guilty plea, the plea was involuntary and deprived [petitioner] of his state and federal constitutional rights to due process.
>
> II. Where trial counsel misrepresented the possible sentence, [petitioner] was denied his state and federal constitutional rights to effective assistance of counsel.

Delayed application for leave to appeal (docket no. 11). In addition, petitioner, through counsel, filed a motion to remand on the same grounds. Motion to remand (docket no. 11).

The Michigan Court of Appeals denied the motion to remand, and also denied the delayed application for leave to appeal "for lack of merit on the grounds presented." *People v. William Clinton Sivley*, No. 265116 (Mich. App. Feb 6., 2006) (docket no. 11). Petitioner raised the same two issues in an application for leave to appeal this decision to the Michigan Supreme Court, which the latter court denied. *People v. William Clinton Sivley*, No. 130704 (Mich. June 26, 2006) (docket no. 12). Now, petitioner has raised these two issues in the habeas corpus petition pending before the court.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);

*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness

4

by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Discussion

**A. Petitioner's guilty plea was involuntary and deprived him of his state and federal constitutional rights to due process where he received minimum sentences of 14 years and 12 1/2 years after trial counsel informed him that the minimum sentence would be 6-8 years if he entered a guilty plea.**

The issue before the court is whether petitioner made a valid guilty plea. "A voluntary and intelligent plea made by an accused person, who has been advised by competent counsel, may not be collaterally attacked" in a federal habeas action. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A valid guilty plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"). For a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence imposed. *See King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795-96 (6th Cir. 1991); *Hart v. Marion Correctional Facility*, 927 F.2d 256, 259 (6th Cir. 1991).

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). *See United States v. Broce*, 488 U.S. 563, 570 (1989) (the guilty plea of an accused is more than a confession, "it is an admission that he committed

5

the crime charged against him") (internal quotation marks omitted). When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258 (1973). In other words, he forecloses all subsequent non-jurisdictional appeals to his conviction by pleading guilty. *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

When a state criminal defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact. *Id.* A habeas petitioner "must overcome a heavy burden" to have a federal court overturn these state court findings. *Id.* at 328.

At the plea hearing, petitioner acknowledged that he was "fully literate in the English language," having finished high school and taken classes at a community college. Plea Trans. at 5.[2] The judge explained the charges and the maximum penalties:

> THE COURT: Do you understand, Mr. Sivley, that in Count 1 of the information, the charge against you is that of assault with intent to rob while armed involving Nicholas Bogert?
>
> THE DEFENDANT: Yes.

---

[2] The plea and sentencing transcripts are attached to respondent's answer as docket nos. 9-3 and 9-5, respectively.

THE COURT: And do you understand that if you plead guilty to assault with intent to rob while armed, the maximum sentence the Court can impose against you includes imprisonment for and during the balance of your natural life?

THE DEFENDANT: Yes.

THE COURT: You may also be sentenced to any term of years less than life in the discretion of the Court usually in conformity with the sentencing guidelines; do you understand that?

THE DEFENDANT: Yes.

THE COURT: The second count charges you with robbery while armed with respect to one Brandon Witherspoon; do you understand that charge?

THE DEFENDANT: Yes.

THE COURT: And do you understand that if you plead guilty to robbery, armed, the maximum sentence the Court can impose against you includes imprisonment for and during the balance of your natural life or, again, you may be imprisoned for any term of years less than life in the Court's discretion?

THE DEFENDANT: Yes.

THE COURT: If a person was injured by means of suffering an aggravated assault or serious injury, there is a mandatory minimum term of two years the Court must impose; do you understand that?

THE DEFENDANT: Yes.

THE COURT. Very well. You should also understand, Mr. Sivley, that if you plead guilty to these two charges, assault with intent to rob while armed as to Nicholas Bogert and robbery, armed, as to Brandon Witherspoon, and if the Court accepts your pleas, then you will not have a trial of any kind in this Court and so you will give up the rights that you would have if you went to trial. Included among those rights are the following: The right to be tried by a jury, the right to be tried by the Court without a jury if you choose and the prosecutor and Court consent, the right to be presumed innocent until proved guilty, the right to have the prosecutor prove beyond a reasonable doubt that you are guilty, the right to have the witnesses against you appear at the trial, the right to question the witnesses against you, the right to have the Court order any witnesses you have for the defense to appear at the trial, the right to remain silent during the trial, the right not to have that silence used against you, and the right to testify at the trial if you want to testify. Mr. Sivley, do you understand all of those rights you would have at a trial?

7

THE DEFENDANT: Yes, sir.

THE COURT: Any do you understand that if you plead guilty, there will be no trial and you'll be giving up those rights?

THE DEFENDANT: Yes.

THE COURT: Also, if your plea is accepted, you will be giving up any claim that the plea was the result of promises or threats that are not disclosed to the Court during today's plea proceeding or that it was not your own free choice to enter the plea; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Any appeal from the conviction and sentence pursuant to your plea will be by application for leave to appeal and not by right; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Finally, if your plea is accepted and you are financially unable to retain a lawyer, the Court must appoint a lawyer to represent you on appeal if your sentence exceeds the sentencing guidelines or if the prosecutor appeals or if the Court of Appeals or Supreme Court grants you an application for leave to appeal; --

THE DEFENDANT: Yes.

THE COURT: -- do you understand that? Yes?

THE DEFENDANT: Yes.

THE COURT: Understanding those things, Mr. Sivley, are you ready to enter pleas to the charges in Counts 1 and 2 of the information, those being the counts of assault with intent to rob while armed as to Nicholas Bogert and robbery, armed, as to Brandon Witherspoon?

THE DEFENDANT: Yes.

THE COURT: And how do you want to plead to those charges?

THE DEFENDANT: Guilty on both cases.

*Id.* at 5-9.

Petitioner agreed that there was a plea agreement, under which he would plead guilty as charged to Counts 1 and 2, in exchange for the government "dismissing the supps [sic]" and "agreeing not to write any other potential charges that stem from this incident," including charges for felony firearm and fleeing and eluding. *Id.* at 9. The court continued:

> THE COURT: Has anybody promised you anything else beyond what is in that agreement to make you want to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Have you been threatened or coerced to make you want to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Is it your own free choice to enter a guilty plea?
>
> THE DEFENDANT: Yes.

*Id.* at 9-10.

Petitioner then testified that on September 25, 2002, while in Wyoming, Michigan, he pointed a gun at Bogert with the intent to rob Bogert of money or other valuables; that Bogert did not turn any property over to petitioner; that petitioner robbed Witherspoon by pointing a gun at him; that Witherspoon gave petitioner some money; and that petitioner left the scene with Witherspoon's money. *Id.* at 10-11.

The court again inquired regarding the voluntariness of petitioner's plea. Both the prosecutor and the defense counsel stated that they were not aware of any "other promises or threats or inducements of any kind" made in exchange for petitioner's plea other than those placed on the record. *Id.* at 11-12. After noting that petitioner was represented by "capable counsel," the court stated that "his plea is freely, voluntarily, knowingly, and intelligently proffered and that his

9

statements in response to questioning by the Court provide a factual basis from which a finder of fact could conclude that he is guilty of the offenses to which he is pleading" and that "[t]he plea will be accepted." *Id.* at 12.

Petitioner was sentenced on February 4, 2003. Sent. Trans. (docket no. 9-5). At the sentencing, the trial judge sustained petitioner's counsel's objections, which resulted in a reduction under the sentencing guidelines to a range of 126 months (10 years and 6 months) to 210 months (17 1/2 years). *Id.* at 6. The trial judge observed that petitioner had a "fairly checkered past" with "juvenile convictions from 1995 to 1997 for aggravated assault, home invasion, second degree, illegal entry, assault and battery, attempted resisting and obstructing a police officer, and another home invasion, second degree." *Id.* at 7. The judge also stated that

> As an adult since 1997, you've been convicted of use of marijuana and placed on probation with fines, domestic violation and placed on probation with fines, attempting -- attempting to resist and obstruct an officer and fined, then receiving and concealing stolen property over $100, you were placed on probation but probation was revoked and you were sent to prison, then fleeing a police officer, for which you received a jail sentence, and then felonious assault as a second-felony offender, for which you received another prison sentence. You were paroled in that case on August 15th of 2002, a little more than a month before the current offense was committed. For that reason, you do have consecutive sentencing issues that have to be dealt with.
>
> It occurs to me that given the very high guidelines and the serious magnitude of this offense, that substantial confinement is called for. I think imprisonment is necessary both as a means of deterring you from further criminal conduct and incapacitating you while rehabilitation is attempted in your case. It also affords an adequate opportunity for rehabilitation and finally provides a proportionate sentence which reflects both the seriousness of the offense and the history that you bring to this Court by way of prior convictions. Sentencing within the guidelines I believe will accomplish that result.

*Id.* at 7-8. For those reasons, the court sentenced petitioner to 12 1/2 to 50 years on the assault with intent to rob charge and 14 to 50 years on the armed robbery charge, to be served consecutively with

10

the one to six-year term he was serving on parole at the time the offenses were committed. *Id.* at 9.[3]

Petitioner contends that his plea was not voluntary because his counsel misrepresented that the minimum sentence would be 6 to 8 years, rather than 12 1/2 to 14 years as determined by the judge. Petitioner contends: that this misrepresentation "cause[d] him to misunderstand the value of the plea agreement;" that had he "not relied on the inaccurate advice of counsel, he would not have pleaded guilty;" and that his guilty plea was involuntary in violation of his state and federal constitutional rights.

The crux of petitioner's claim is that he received a longer sentence than anticipated. Petitioner, however, has failed to overcome the heavy burden necessary to overturn the state court's findings that his guilty plea was a free and voluntary act. *See Garcia*, 991 F.2d at 326, 328. As the Supreme Court observed in *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), "[s]olemn declarations in open court" made by a criminal defendant during a plea hearing "carry a strong presumption of verity."

"A plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true." *Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975). A criminal defendant's subjective expectation of a particular sentence does not provide the basis for habeas corpus relief from an otherwise valid guilty plea. *Nichols v. Perini*, 818 F.2d 554, 558 (6th Cir. 1987). "Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary." *United States v.*

---

[3] As previously discussed, the sentence for assault with intent to rob while armed was erroneously transcribed as 12 1/2 to <u>15</u> years. Sent. Trans. at 9.

*Ford*, 15 Fed. Appx. 303, 308 (6th Cir. 2001). *See Broce*, 488 U.S. at 572 (the possibility that petitioner's plea might have been influenced by an erroneous assessment of the sentencing consequences if he had proceeded to trial did not render his plea invalid); *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("[a] plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary"); *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986) ("[c]ourts naturally look with a jaundiced eye upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence") ( *quoting United States v. Crusco*, 536 F.2d 21, 24 (3rd Cir. 1976); *Clemmons v. United States*, 721 F.2d 235, 237 (8th Cir. 1983) ("[t]he law is quite clear that a defendant's mere hope or subjective belief of better prison conditions if a guilty plea is entered is insufficient to show that the plea was made involuntarily . . . even if the prisoner's hope is based on incorrect advice of counsel").

The Sixth Circuit has rejected claims by habeas petitioners to set aside guilty pleas due to "sentence confusion" where the plea transcript demonstrates that the petitioner states on the record that he is pleading voluntarily of his own free will. *Alford v. Brigano*, 67 Fed. Appx. 282, 285 (6th Cir. 2003); *Ashbaugh v. Gundy*, 244 Fed. Appx. 715, 717-18 (6th Cir. 2007). A state trial court's proper colloquy cures any misunderstandings a defendant may have about the consequences of his plea. As the court observed in *Ramos v. Rogers*, 170 F.3d 560, 565-66 (6th Cir. 1999), "[i]f we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his

own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite."

*See, e.g., Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004) (where petitioner claimed that her plea was not knowing or voluntary because counsel allegedly gave her misinformation on sentencing range, the Sixth Circuit determined that the trial court had remedied any misconception by informing the petitioner of the potential maximum and minimum sentences). Similarly, in this case, petitioner testified that he understood the plea and its consequences. The trial court remedied any misconceptions held by petitioner regarding the direct consequences of his plea by informing him of the maximum and minimum penalties applicable to the charged offenses. The court told him unequivocally he could be sentenced to <u>any</u> number of years, up to life imprisonment, for each crime. Petitioner also acknowledged at the time of the plea that no one had made him any promises not in the plea agreement.

Furthermore, the fact that petitioner was faced with difficult, unattractive or distasteful options does not render his guilty plea involuntary. "[A] guilty plea is not rendered involuntary merely because it was entered to avoid harsh alternatives such as prosecution on additional charges." *United States v. Hussey*, 182 Fed.Appx. 150,152-53 (4th Cir. 2006). Here, petitioner committed two felonies while on parole. In exchange for the plea, the government did not seek a sentence enhancement for the commission of multiple felonies or other crimes arising from the robbery (e.g., felony firearm violations). Given these circumstances, petitioner's decision to plead guilty to assault with intent to rob and armed robbery appeared to be a reasonable option and represented "a voluntary and intelligent choice among the alternative courses of action open to

13

[him]." *Hill*, 474 U.S. at 56. Accordingly, petitioner is not entitled to federal habeas relief on this claim.

**B. Where trial counsel misrepresented the possible sentence, [petitioner] was denied his State and Federal Constitutional rights to effective assistance of counsel.**

Next, plaintiff contends that his trial counsel provided ineffective assistance in allowing him to plead guilty. The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington.* 466 U.S. 668, 687 (1984). The Supreme Court has set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

The *Strickland* standard has been modified when evaluating alleged ineffective assistance of counsel related to a guilty plea:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59.

Petitioner contends that he pled guilty because counsel miscalculated his sentencing guidelines. Specifically, prior to the entry of the guilty plea, counsel informed petitioner that by her calculations, the sentencing guidelines would be between 6 to 8 years, and that his minimum sentence would fall within that time frame. Petitioner's Aff. (Oct. 7, 2003) (docket no. 11). According to petitioner, he pled guilty "[b]ased on my attorney's word . . . that I would be sentenced between a minimum of 6 to 8 years to what ever the honorable judge set the maximum at." *Id.* at ¶ 6. When petitioner received a copy of the PSIR stating that his guidelines were between 135 to 225 months, he sent a letter to his attorney inquiring into the discrepancies in the guidelines, and stating that he wanted to withdraw his guilty plea if the PSIR was correct. *Id.* at ¶¶ 8-9.

Counsel responded by suggesting to plaintiff that it was his error that caused her to miscalculate the guidelines:

Dear Mr. Sivley,

Your initial guidelines as always [sic] figured based on the information you give me regarding your prior record. If the prior record in the presentence report is accurate, then the guidelines in the report are accurate. If you missed giving me information in the beginning, that accounts for the different guidelines now.

15

> Unfortunately, there was no sentence cap from the prosecutor or the judge, so you have no right to withdraw your plea. Keep in mind also that the prosecutor did not bring any charges of felony firearm which requires consecutive two yours [sic] for each count.

Counsel's Letter (Jan. 27, 2003) (docket no. 1-2).

Petitioner contests counsel's version of events, and asserts that he told counsel that he had prior felonies but that she did not ask him about "any other possible charges" that would be used to determine the sentencing guidelines in the PSIR. Sivley Aff. (Oct. 7, 2003) at ¶¶ 2-3. Based on these facts, petitioner contends that he was "falsely induced" into accepting a plea "based on false information" provided to him by his counsel. *Id.* at ¶ 12. Petitioner further stated that had he known the specifics of the sentence, he would not have pled guilty. *Id.* at ¶ 13.[4]

Assuming, for purposes of this report and recommendation, that the counsel miscalculated the sentencing guidelines, such miscalculation was only an estimate and not a promise and did not amount to ineffective assistance of counsel. First, petitioner has not demonstrated that counsel engaged in any misconduct with respect to her calculation of the sentencing guidelines range. Petitioner has admitted that counsel interviewed him regarding his criminal history. They disagree regarding the scope of the interview: petitioner stated that counsel did not ask all relevant questions while counsel stated that petitioner did not give her a complete account of his criminal record. Petitioner presents no evidence that counsel "falsely induced" him into entering his guilty plea. A "mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance." *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990) (internal quotation marks omitted). *See generally, Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) ("[m]isinformation from a

---

[4] Petitioner set forth similar facts in a later affidavit dated November 8, 2005. *See* docket no. 1-2 at pp. 22-23. While it appears that this affidavit was prepared for filing in the Michigan Court of Appeals, it is not part of the appellate record. *See* docket no. 11.

defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel). Based on these facts, petitioner has not met his burden of demonstrating that counsel was deficient and rendered ineffective assistance.

Second, even if petitioner had shown that counsel acted deficiently, he has failed to show a reasonable probability that he would have proceeded to trial absent counsel's alleged error. Any prejudice from counsel's alleged misinformation regarding the sentencing guideline range was cured by the plea colloquy, during which the court advised petitioner of the direct consequences flowing from his guilty plea. *See Boyd*, 99 Fed. Appx at 704-5; *Ramos v. Rogers*, 170 F.3d at 565; *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2nd Cir.1992) (the trial court's plea allocution apprising the defendant of the "actual sentencing possibilities" in the case prevented him from claiming prejudice under *Strickland*). Accordingly, petitioner is not entitled to habeas relief on this claim.

**IV.    Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  November 16, 2009                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).