UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIVLEY,

    Petitioner,                                           Case No. 1:06-cv-711

v                                                      HON. JANET T. NEFF

KENNETH ROMANOWSKI,

    Respondent.
_____/

## OPINION

        This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to rob while armed and armed robbery. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition (Dkt 14). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 15). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

        As he argued in his petition, Petitioner again asserts that his counsel's misrepresentation of the minimum sentence rendered his plea involuntary, which denied him the right to due process (Dkt 15 at 1-3). Petitioner's assertion is without merit. The Magistrate Judge correctly concluded that

1

the plea represented a voluntary and intelligent choice among the alternative courses of action open to Petitioner (Dkt 14 at 11-14). *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Unfulfilled subjective expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary. *United States v. Ford,* 15 Fed. Appx. 303, 308 (6th Cir. 2001).

Petitioner also re-asserts that his counsel was ineffective for misrepresenting the minimum sentence (Dkt 15 at 1-3). However, the Magistrate Judge properly concluded that the error was not of a magnitude to deprive Petitioner of reasonably effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) (Dkt 14 at 16-17). "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1986) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

Consequently, there is also no merit in Petitioner's assertion that an evidentiary hearing is required in this case. As the Magistrate Judge observed, where the written transcript of the state court proceedings is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact (Dkt 14 at 6). "To allow indiscriminate hearings in federal postconviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." *Baker,* 781 F.2d at 92 (quoting *Blackledge v. Allison,* 431 U.S. 63, 71 (1977)). Here, as illustrated by the excerpts of the plea and sentencing transcripts in the Report and Recommendation, the record in this case demonstrates that Petitioner's plea was knowing and voluntary, and Petitioner's arguments to the contrary do not compel a different conclusion.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: February 10, 2010                         /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge